# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   Kenneth Odell Woodson, Jr.
                     Angela Carter Woodson

Case No: 14-61610

This plan, dated __August 20, 2014__, is:

☒ the *first* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
  ☐ confirmed or ☐ unconfirmed Plan dated .

Date and Time of <u>Modified Plan</u> Confirming Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.

This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$189,056.80**
Total Non-Priority Unsecured Debt: **$23,587.92**
Total Priority Debt: **$850.00**
Total Secured Debt: **$212,898.35**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$400.00 Monthly for 24 months, then 470.00 Monthly for 30 months.** Other payments to the Trustee are as follows: __NONE__. The total amount to be paid into the plan is $__23,700.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. Administrative Claims under 11 U.S.C. § 1326.

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $__2,900.00__ balance due of the total fee of $__2,900.00__ concurrently with or prior to the payments to remaining creditors. **(SEE PARAGRAPH 11C.)**

    B. Claims under 11 U.S.C. §507.
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Fluvanna County Treasurer | Taxes and certain other debts | 200.00 | Prorata |
| Fluvanna County Treasurer | Taxes and certain other debts | 100.00 | Prorata |
| Internal Revenue Service | Taxes and certain other debts | 350.00 | Prorata |
| Virginia Department of Taxation | Taxes and certain other debts | 200.00 | Prorata |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B. Real or Personal Property to be Surrendered.

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Fluvanna County Treasurer | Personal property taxes | 100.00 | 1,817.00 |

Best Case Bankruptcy
Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

C. **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Title Max | 2006 Honda Ridgeline, @ debtor(s) residence (tax-assessed valuation valuation) | 133.00 for 6 months | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| Title Max | 2006 Honda Ridgeline, @ debtor(s) residence (tax-assessed valuation valuation) | 4206.35 | 5% | 149.45 / 30 months |

E. **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

   A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __27__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __19.76__ %.

   B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5. Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).

A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee. The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Green Tree Servicing L | Residence at 797 Bryants Ford Road, Fork Union, Virginia (tax-assessed valuation) | 706.00 | 5,000.00 | 0% | 60 months | Prorata |
| NXL Construction Services Inc. | 401k with employer | 70.53 | 0.00 | 0% | 0 months | |

B. Trustee to make contract payments and cure arrears, if any. The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C. Restructured Mortgage Loans to be paid fully during term of Plan. Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. Unexpired Leases and Executory Contracts. The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A. Executory contracts and unexpired leases to be rejected. The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

B. Executory contracts and unexpired leases to be assumed. The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f). The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien. If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| Allied Title Lending LLC | Residence at 797 Bryants Ford Road, Fork Union, Virginia (tax-assessed valuation) | 11 USC 522(b)(3)(B); Vasilion v. Vasilion, 192 Va. 735; William v Peyton 104 F.3d 688 and Va. Code 34-4................. $10.00 | 128,000.00 |
| UVA Medical Center | Residence at 797 Bryants Ford Road, Fork Union, Virginia (tax-assessed valuation) | 11 USC 522(b)(3)(B); Vasilion v. Vasilion, 192 Va. 735; William v Peyton 104 F.3d 688 and Va. Code 34-4................. $10.00 | 128,000.00 |

   B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f). The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment and Payment of Claims.**
   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**
   A. Attorneys Fees. Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 2B, 4, 5, and 6 herein, except that attorneys fees shall be paid pro rata with any distribution to domestic support order claimants under paragraph 2B.
   B. Deficiency Claims for Surrendered Property. Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.B of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as  established by any order granting relief from the automatic say with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.
   C. The $2900.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:

(i) $2900.00: Fees to be approved, or already approved, by the Court at initial plan confirmation;
(ii) $ _____ : Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #    : $    ; ECF #    : $    ];
(iii) $ _____ : Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed;
D. Plan Payment Method. Plan payment will be made via: WDO _X_ (Husband _X_ Wife ____ Both ____); or by PDO____.

Signatures:

Dated: August 20, 2014

_____
Kenneth Odell Woodson, Jr.
Debtor

_____
Angela Carter Woodson
Joint Debtor

/s/ Marshall Slayton
Marshall M. Slayton VSB# 37362
Debtor's Attorney

Exhibits:   Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with Plan

Certificate of Service

I certify that on 8/27/14, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Marshall Slayton
Marshall M. Slayton VSB# 37362
Signature

420 Park Street
Charlottesville, VA 22902
Address

(434) 979-7900
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

## Schedule I: Your Income (Page 1)

Fill in this information to identify your case:

- Debtor 1: Kenneth Odell Woodson, Jr.
- Debtor 2 (Spouse, if filing): Angela Carter Woodson
- United States Bankruptcy Court for the: WESTERN DISTRICT OF VIRGINIA
- Case number (if known): ____

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing post-petition chapter 13 income as of the following date: MM/DD/YYYY

**Official Form B 6I**
**Schedule I: Your Income** 12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. Fill in your employment information.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed / ☐ Not employed | ■ Employed / ☐ Not employed |
| Occupation | Inspector | Bus Aide |
| Employer's name | Rummel Klepper & Kahl LLP | Fluvanna Transportation |
| Employer's address | 81 W Mosher Street, Baltimore, MD 21217 | Palmyra, VA |
| How long employed there? | Since 8/1/14 | 6 months |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 4,186.00 | $ 816.75 |
| 3. | Estimate and list monthly overtime pay. | +$ 374.83 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | $ 4,560.83 | $ 816.75 |

Official Form B 6I — Schedule I: Your Income — page 1

## Schedule I: Your Income (Page 2)

Debtor 1: Kenneth Odell Woodson, Jr.
Debtor 2: Angela Carter Woodson
Case number (if known): ____

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here | 4. $ 4,560.83 | $ 816.75 |
| 5. | List all payroll deductions: | | |
| 5a. | Tax, Medicare, and Social Security deductions | $ 866.67 | $ 70.01 |
| 5b. | Mandatory contributions for retirement plans | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | $ 0.00 | $ 0.00 |
| 5e. | Insurance | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | $ 0.00 | $ 0.00 |
| 5g. | Union dues | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: ____ | $ 0.00 + | $ 0.00 |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | $ 866.67 | $ 70.01 |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | $ 3,694.16 | $ 746.74 |
| 8. | List all other income regularly received: | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | $ 0.00 | $ 0.00 |
| 8b. | Interest and dividends | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | $ 0.00 | $ 0.00 |
| 8e. | Social Security | $ 0.00 | $ 0.00 |
| 8f. | Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: ____ | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify: ____ | $ 0.00 + | $ 0.00 |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | $ 0.00 | $ 0.00 |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ 3,694.16 + $ 746.74 = $ 4,440.90 |
| 11. | State all other regular contributions to the expenses that you list in Schedule J. Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J. Specify: ____ | 11. +$ 0.00 |
| 12. | Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies. | 12. $ 4,440.90 Combined monthly income |

13. Do you expect an increase or decrease within the year after you file this form?
- ☐ No
- ■ Yes. Explain: Husband started new job on August 1, 2014 and only have one paystub. Overtime high on this one stub due to co-workers taking vacation. Husband estimated 2-3 hours overtime a week. Wife income based upon March 2014 paystub as this is average pay for her. Bus driving job is only during school year and she works part time job during the summer.

Official Form B 6I — Schedule I: Your Income — page 2

## Schedule J: Your Expenses (Page 1)

Fill in this information to identify your case:

- Debtor 1: Kenneth Odell Woodson, Jr.
- Debtor 2 (Spouse, if filing): Angela Carter Woodson
- United States Bankruptcy Court for the: WESTERN DISTRICT OF VIRGINIA
- Case number (if known): ____

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing post-petition chapter 13 expenses as of the following date: MM/DD/YYYY
- ☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

**Official Form B 6J**
**Schedule J: Your Expenses** 12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?
   - ☐ No. Go to line 2.
   - ■ Yes. Does Debtor 2 live in a separate household?
     - ■ No
     - ☐ Yes. Debtor 2 must file a separate Schedule J.

2. Do you have dependents? ☐ No / ■ Yes. Fill out this information for each dependent.
   Do not list Debtor 1 and Debtor 2.
   Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | 14 | ■ Yes / ☐ No |
| Son | 17 | ■ Yes / ☐ No |
| | | ☐ Yes / ☐ No |
| | | ☐ Yes / ☐ No |

3. Do your expenses include expenses of people other than yourself and your dependents? ■ No / ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 6I).

| | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | $ 716.00 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | $ 100.00 |
| 4d. | Homeowner's association or condominium dues | $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | $ 0.00 |

Official Form B 6J — Schedule J: Your Expenses — page 1

## Schedule J: Your Expenses (Page 2)

Debtor 1: Kenneth Odell Woodson, Jr.
Debtor 2: Angela Carter Woodson
Case number (if known): ____

| | | Your expenses |
|---|---|---|
| 6. | Utilities: | |
| 6a. | Electricity, heat, natural gas | $ 283.00 |
| 6b. | Water, sewer, garbage collection | $ 30.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | $ 341.00 |
| 6d. | Other. Specify: ____ | $ 0.00 |
| 7. | Food and housekeeping supplies | $ 800.00 |
| 8. | Childcare and children's education costs | $ 150.00 |
| 9. | Clothing, laundry, and dry cleaning | $ 200.00 |
| 10. | Personal care products and services | $ 230.00 |
| 11. | Medical and dental expenses | $ 35.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | $ 780.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | $ 100.00 |
| 14. | Charitable contributions and religious donations | $ 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | |
| 15a. | Life insurance | $ 0.00 |
| 15b. | Health insurance | $ 0.00 |
| 15c. | Vehicle insurance | $ 123.00 |
| 15d. | Other insurance. Specify: ____ | $ 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: Personal property taxes / Tags & Inspections | $ 60.00 / $ 10.00 |
| 17. | Installment or lease payments: | |
| 17a. | Car payments for Vehicle 1 | $ 0.00 |
| 17b. | Car payments for Vehicle 2 | $ 0.00 |
| 17c. | Other. Specify: ____ | $ 0.00 |
| 17d. | Other. Specify: ____ | $ 0.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 6I). | $ 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: ____ | $ 0.00 |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | |
| 20a. | Mortgages on other property | $ 0.00 |
| 20b. | Real estate taxes | $ 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | $ 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | $ 0.00 |
| 20e. | Homeowner's association or condominium dues | $ 0.00 |
| 21. | Other: Specify: Pet expenses / Miscellaneous | $ 40.00 / +$ 100.00 |
| 22. | Your monthly expenses. Add lines 4 through 21. The result is your monthly expenses. | $ 4,088.00 |
| 23. | Calculate your monthly net income. | |
| 23a. | Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ 4,440.90 |
| 23b. | Copy your monthly expenses from line 22 above. | 23b. –$ 4,088.00 |
| 23c. | Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ 352.90 |

24. Do you expect an increase or decrease in your expenses within the year after you file this form? For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
- ■ No
- ☐ Yes. Explain: ____

Official Form B 6J — Schedule J: Your Expenses — page 2

Woodson, Jr., Kenneth and Angela -

ADVANCE AMERICA
372 PANTOPS CENTER
CHARLOTTESVILLE, VA 22911

ALESSANDRO, DR. F. T. D
C/O CHARLOTTESVILLE BUREAU
3690 DOBLEANN DR
CHARLOTTESVILLE, VA 22911

ALESSANDRO, DR. F. T. D
2735 MERIWETHER DRIVE
CHARLOTTESVILLE, VA 22901

ALLIED TITLE LENDING
C/O CAWTHORN PICKARD ROW
9701 METROPOLITAN COURT, SUITE C
RICHMOND, VA 23236

ALLIED TITLE LENDING LLC
200 SE FIRST STREET
MIAMI, FL 33131

AMERICAN GENERAL FINANCE
P.O. BOX 3121
EVANSVILLE, IN 47731

AUGUSTA EYE ASSOCIATES
C/O VALLEY CREDIT SERVICE
934 N AUGUSTA ST STE A
STAUNTON, VA 24401

AUGUSTA EYE ASSOCIATES
425 SOUTH LINDEN AVENUE
WAYNESBORO, VA 22980

CASH NET
200 WEST JACKSON
SUITE 1400
CHICAGO, IL 60606

CASH NET
C/O NATIONAL CREDIT ADJUSTERS
PO BOX 3023
HUTCHINSON, KS 67504-3023

Woodson, Jr., Kenneth and Angela -

CBC COLLECTIONS
P.O. BOX 6220
CHARLOTTESVILLE, VA 22906

DIRECT TV
P.O. BOX 78626
PHOENIX, AZ 85062-8626

DIRECT TV
P.O. BOX 6550
GREENWOOD VILLAGE, CO 80155-6550

DIRECT TV
P.O. BOX 11732
NEWARK, NJ 07101-4732

DIRECT TV
417 BRIDGE STREET
DANVILLE, VA 24541-1403

DIRECTV
C/O NCO FIN ATTENTION: BANKRUPTCY
507 PRUDENTIAL RD
HORSHAM, PA 19044

EQUIFAX INFORMATION SERVICE CENTER
ATTN: DISPUTE RESOLUTION DEPARTMENT
PO BOX 105873
ATLANTA, GA 30348

EXPERIAN INFORMATION SOLUTIONS
ATTN: SUPERVISOR, LEGAL DEPARTMENT
PO BOX 1240
ALLEN, TX 75013

EYE ONE & RETINACARE
17 NORTH MEDICAL PARK DRIVE
FISHERSVILLE, VA 22939

FIRST MED INC.
125 RIVERBEND DRIVE
SUITE 3
CHARLOTTESVILLE, VA 22911

Woodson, Jr., Kenneth and Angela -

FLUVANNA COUNTY TREASURER
PO BOX 299
PALMYRA, VA 22963

FORK UNION MEDICAL ASSOCIATES
C/O CHARLOTTESVILLE BUREAU
3690 DOBLEANN DR
CHARLOTTESVILLE, VA 22911

FORK UNION MEDICAL ASSOCIATES
4064 JAMES MADISON HIGHWAY
FORK UNION, VA 23055

FORK UNION MEDICAL ASSOCIATES
PO BOX 458
FORK UNION, VA 23055

GALAXY PORTFOLIOS LLC
101 CONVENTION CENTER DR
STE 700
LAS VEGAS, NV 89109

GALAXY PORTFOLIOS/GEMB
C/O COMMONWEALTH FINANCIAL SYSTEMS
246 MAIN STREET
SCRANTON, PA 18519-1641

GEICO
ONE GEICO PLAZA
BETHESDA, MD 20810-0001

GEICO CASUALTY CO.
ONE GEICO PLAZA
WASHINGTON, DC 20076

GEICO INDEMNITY COMPANY
C/O CREDIT COLLECTION SERVICES
2 WELLS AVENUE
NEWTON CENTER, MA 02459

GEICO INDEMNITY COMPANY
PO BOX 55126
BOSTON, MA 02205-5126

Woodson, Jr., Kenneth and Angela -

GINNYS/SWISS COLONY INC
ATTN: BANKRUPTCY
1112 7TH AVE
MONROE, WI 53566

GOODROE ENTERPRISES
C/O PRIME ACCEPTANCE LLC
1015 ATLANTIC BLVD, #338
ATLANTIC BEACH, FL 32233-3313

GOODROE ENTERPRISES
106 THOMPSON AVE
FREDERICKSBURG, VA 22405

GREEN TREE SERVICING
BANKRUPTCY DEPARTMENT
PO BOX 6154
RAPID CITY, SD 57709

GREEN TREE SERVICING L
332 MINNESOTA ST STE 610
SAINT PAUL, MN 55101

GREEN TREE SERVICING L
PO BOX 6172
RAPID CITY, SD 57709

GREEN TREE SERVICING, LLC
7160 SOUTH KYRENE ROAD
TEMPE, AZ 85282-4583

INTERNAL REVENUE SERVICE
INSOLVENCY UNITS
400 NORTH EIGHTH STREET, BOX 76
RICHMOND, VA 23219

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

MARTHA JEFFERSON HOSPITAL
P.O. BOX 2556
CHARLOTTESVILLE, VA 22902

Woodson, Jr., Kenneth and Angela -

MARTHA JEFFERSON HOSPITAL
P.O. BOX 759132
BALTIMORE, MD 21275

MARTHA JEFFERSON HOSPITAL
C/O HUDSON LAW OFFICE
324 SOUTH MAIN STREET
EMPORIA, VA 23847-2028

MARTHA JEFFERSON HOSPITAL
500 MARTHA JEFFERSON DRIVE
CHARLOTTESVILLE, VA 22911

MARTHA JEFFERSON HOSPITAL
C/O SENTARA COLLECTIONS
PO BOX 79698
BALTIMORE, MD 21279-0698

MARTHA JEFFERSON HOSPITAL
PO BOX 759132
BALTIMORE, MD 21275-9132

MARTHA JEFFERSON MEDICAL GROUP
590 PETER JEFFERSON PARKWAY
SUITE 300
CHARLOTTESVILLE, VA 22911-4624

MARTHA JEFFERSON MEDICAL GROUP
PO BOX 1583
CHARLOTTESVILLE, VA 22903

MARTHA JEFFERSON SURGICAL ASSOCIATE
P.O. BOX 1583
CHARLOTTESVILLE, VA 22902

MEDEXPRESS
PO BOX 719
DELLSLOW, WV 26531

MEDEXPRESS
PO BOX 7962
BELFAST, ME 04915-7900

Woodson, Jr., Kenneth and Angela -

MJ MEDICAL SURGICAL ASSOCIAT
C/O CHARLOTTESVILLE BUREAU
3690 DOBLEANN DR
CHARLOTTESVILLE, VA 22911

NXL CONSTRUCTION SERVICES INC.
ATTN RETIREMENT ACCOUNTS
114 EAST CARY STREET, SUITE 200
RICHMOND, VA 23219-3749

OLD NAVY/GALAXY PORTFOLIOS LLC
C/O NORTHLAND GROUP INC.
PO BOX 390846
MINNEAPOLIS, MN 55439

PIEDMONT EMERGENCY CONSULTANTS
C/O FREDERICKSBURG CREDIT BUREAU
10506 WAKEMAN DR
FREDERICKSBURG, VA 22407

PIEDMONT EMERGENCY CONSULTANTS
P.O. BOX 11647
DAYTONA BEACH, FL 32120-1647

PRIME ACCEPTANCE CORP
200 WEST JACKSON ST.
SUITE 710
CHICAGO, IL 60606

PUBLISHERS CLEARING HOUSE
PO BOX 4002936
DES MOINES, IA 50340-2936

RED LEAF LENDING
MAIN STREET, SUITE 556
CHARLESTOWN, NEVIS
WEST INDIES

SPRINT
C/O ENHANCED RECOVERY CORP
8014 BAYBERRY RD
JACKSONVILLE, FL 32256

Woodson, Jr., Kenneth and Angela -

SPRINT NEXTEL
ATTN BANKRUPTCY DEPT
PO. BOX 7949
OVERLAND PARK, KS 66207-0949

TITLE MAX
1646 SEMINOLE TRAIL
CHARLOTTESVILLE, VA 22901

TRANSUNION
ATTN: DISPUTE RESOLUTION DEPARTMENT
PO BOX 2000
CHESTER, PA 19022

UVA MEDICAL CENTER
PATIENT FINANCIAL SERVICES
P.O. BOX 800750
CHARLOTTESVILLE, VA 22907-3015

UVA MEDICAL CENTER
PATIENT FINANCIAL SERVICES
P.O. BOX 530272
ATLANTA, GA 30353-0272

UVA MEDICAL CENTER
C/O DANIEL S.WOLF, ASST ATTY GEN
P.O. BOX 610
RICHMOND, VA 23218-0610

VERIZON
500 TECHNOLOGY DR
STE 550
WELDON SPRING, MO 63304

VERIZON
BANKRUPTCY DEPARTMENT
500 TECHNOLOGY DRIVE, #550
SAINT CHARLES, MO 63304-2225

VIRGINIA DEPARTMENT OF TAXATION
BANKRUPTCY DEPARTMENT
P.O. BOX 2156
RICHMOND, VA 23217

Woodson, Jr., Kenneth and Angela -

VIRGINIA FOOT & ANKLE SURGICAL ASSO
103 S PANTOPS DRIVE
SUITE 201
CHARLOTTESVILLE, VA 22911

WEISS, DRS DOUGLAS AND VICTORIA
C/O IC SYSTEM ATTN: BANKRUPTCY
444 HIGHWAY 96 EAST; PO BOX 64378
ST. PAUL, MN 55164

WEISS, DRS DOUGLAS AND VICTORIA
5 CENTRE CT
PALMYRA, VA 22963

WELLS FARGO DEALER SERVICES
C/O VITAL RECOVERY SERVICES
PO BOX 923748
NORCROSS, GA 30010-3748

WELLS FARGO DEALER SERVICES
ATTN CORRESPONDENCE MACT9017-026
PO BOX 168048
IRVING, TX 75016-8048

WELLS FARGO DEALER SERVICES
PO BOX 25341
SANTA ANA, CA 92799-5341

WELLS FARGO DEALER SERVICES
PO BOX 997517
SACRAMENTO, CA 95899

WILDBLUE COMMUNICATIONS, INC.
349 INVERNESS DRIVE SOUTH
ENGLEWOOD, CO 80112